UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | | |
|---|---|---|---|
| NOE RIVERA-PALOMA | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 4:07-cr-17 |
| | ) | | 4:08-cv-53 |
| | ) | | (MATTICE/LEE) |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM**

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Noe Rivera-Paloma ("petitioner"). The government has filed its response to the § 2255 motion and petitioner has filed his reply to the response. Petitioner also filed a motion to amend his § 2255 motion. The motion to amend is **GRANTED** to the extent the Court will consider the claim raised in the motion to amend; the government has filed its response to that claim as well. For the following reasons, the § 2255 motion as amended will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255,

petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

Petitioner pleaded guilty to illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(b)(2). His base offense level was determined to be eight. [Presentence Investigation Report, p. 4, ¶ 10]. Because petitioner had a prior conviction for aggravated assault, he received a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). [*Id*. ¶ 11]. After a three-level reduction for acceptance of responsibility, his total offense level was 21. [*Id*. ¶¶ 16, 19].

Petitioner's criminal history category was IV, based upon a total of eight criminal points [*id*. at 6, ¶ 27], which combined with a total offense level of 21 resulted in an advisory sentencing guideline range of 57 to 71 months. [*Id*. at 7, ¶ 36]. He was sentenced to a term

2

Case 4:07-cr-00017-HSM-SKL   Document 35   Filed 09/16/11   Page 2 of 9   PageID #: 83

of imprisonment of 64 months, the middle of the advisory guideline range. [Criminal Action No. 4:07-cr-17, Court File No. 21, Judgment]. In support of his § 2255 motion, as amended, petitioner alleges several instances of ineffective assistance of counsel.

III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

3

action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges that his attorney was ineffective in failing to request that petitioner be considered for the "fast track" provision, and that his attorney should have attempted to secure a four-point reduction under U.S.S.G. § 5K3.1. In his motion to amend the § 2255, petitioner alleges that counsel failed to object to double counting under U.S.S.G. § 2L1.2. The court will consider each of the claims in turn.

1. **"Fast Track" Provision.**

Petitioner alleges his attorney failed to ask the Court to give petitioner a lower sentence based upon the so-called "fast-track" programs that are available in other districts. In a related claim, he alleges his attorney should have sought a four-point reduction under the Early Disposition Programs set forth in U.S.S.G. § 5K3.1, which provides as follows: "Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."

4

The Sixth Circuit has explained "fast-tracking" as follows:

> Fast-tracking arose initially in border areas with large illegal immigration caseloads. Prosecutors sought to clear their dockets through either charge-bargaining or agreements to move for downward departures in return for defendants' agreements not to file pretrial motions or contest issues. Congress approved and set standards for this process in the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), which required the United States Sentencing Commission to "promulgate ... a policy statement authorizing a downward departure of not more than 4 levels if the Government files a motion for such departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney." The Sentencing Commission responded by promulgating a new Guideline authorizing a four-level reduction. U.S.S.G. § 5K3.1.

*United States v. Hernandez-Cervantes,* 161 F. App'x 508, 510 (6th Cir. 2005) (internal citations omitted).

In *Hernandez-Cervantes*, the defendant was convicted of illegal reentry by a deported alien and sentenced to a term of imprisonment of 84 months by the United States District Court for the Western District of Tennessee. *Id*. at 509. On appeal, he claimed that his sentence was unreasonable under 18 U.S.C. § 3553(6), which requires "sentencing courts to consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id*. at 511 (quoting 18 U.S.C. § 3553(6)). That was because he received a longer sentence than he would have received in a fast-track jurisdiction. *Id*.

The Sixth Circuit first noted that "[i]t is clear that fast-tracking does create sentence disparities based on geography. If those disparities are unwarranted, then § 3553(a)(6)

5

empowers courts to consider the effects of fast-tracking when imposing sentences." *Id*. at 512. The Court further noted, however, that "Congress authorized, in the PROTECT Act, the precise disparities at issue in this case, so a court would have to override that legislative judgment in order to reduce a defendant's sentence on the fast-track basis." *Id*. (citations omitted). The Court thus concluded that "[t]he PROTECT Act legislative judgment is dispositive of the fast-tracking sentence disparity issue." *Id*. By explicitly authorizing disparities based on fast-tracking, Congress determined that "geographic sentencing disparities due to fast-tracking are not 'unwarranted'" and thus "do not violate § 3553(a)(6)." *Id*. *See also United States v. Lopez-Velasquez*, 526 F.3d 804, 808 (5th Cir. 2008) ("[A]ny disparity in sentencing between fast-track and non-fast-track jurisdictions is a function of Congressional policy and thus is not 'unwarranted' under § 3553(a)(6).") (citation omitted).

In *United States v. Saavedra-Ibanez*, 247 F. App'x 724 (6th Cir. 2007), the Sixth Circuit held that because the Eastern District of Michigan does not have a fast-track program, the defendant could not be considered for a four-level reduction under U.S.S.G. § 5K3.1 *Id*. at 729. The Court also noted again that "any fast track disparity between districts is not unwarranted, because this disparity was specifically authorized by statute," and thus the defendant's sentence was not substantively unreasonable. *Id*.

In *United States v. Camacho-Arellano*, 614 F.3d 244 (2010), however, the Sixth Circuit concluded that, after the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), the district courts could consider the fast-track disparity and reduce a

6

defendant's sentence accordingly. *Id*. at 248. "To the extent that *Gaines*[1] and our other cases suggest that sentencing judges may not reduce sentences based on the fast-track disparity, we agree with Camacho-Arellano that any such rule does not survive the Supreme Court's decision in *Kimbrough*." *Id*.

Nevertheless, at the time of petitioner's sentencing, Sixth Circuit precedent precluded the Court from considering fast-track disparity because "[t]he Eastern District of Tennessee does not participate in a 'fast-track' program." *United States v. Estrada-Ibarra*, No. 1:06-cr-2, 2010 WL 1138302 at *4 (E.D. Tenn. March 18, 2010) (citing *United States v. Perez-Vasquez*, 570 F.3d 692, 694 (6th Cir. 2009)). Any request by defense counsel to consider a lower sentence based upon fast-track disparity would have been futile and thus counsel was not ineffective in failing to make such a request. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

To the extent petitioner alleges his attorney was ineffective in failing to move for a downward departure, the Guidelines do not authorize defense counsel to file motions for a fast-track departure; the downward departure allowed by the Guidelines pursuant to § 5K3.1 requires a motion by the government. Accordingly, petitioner's attorney was not ineffective in failing to move for a downward departure.

**2.    Double Counting.**

---

[1] *United States v. Gaines*, 122 F.3d 324 (6th Cir. 1997).

7

In his motion to amend his § 2255 motion, petitioner alleges that counsel failed to object to double counting under U.S.S.G. § 2L1.2. He refers to the fact that his base offense level was increased 16 points because of a prior conviction for a violent felony and that the prior violent felony conviction was also used to increase his criminal history score by two points. This claim lacks merit.

> In *United States v. Hernandez-Fierros*, 453 F.3d 309 (6th Cir. 2006), this Court held double counting is permissible. In *Hernandez-Fierros*, the appellant was charged with a violation of 8 U.S.C. § 1326(a) and (b)(2). *Id*. at 310. He challenged the Guidelines as unreasonable because he received a 12 level enhancement and two criminal history points for the same prior offense. *Id*. at 312. In reaching the conclusion the Guidelines were not unreasonable, the *Hernandez-Fierros* court noted that Application Note 6 to § 2L1.2 specifically states a conviction "taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points." *Id*. Thus, the Sentencing Commission must have considered this kind of double counting and concluded it was permissible. *Id*. at 312-13.

*United States v. Saavedra-Ibanez*, 247 F. App'x 724, 728 (6th Cir. 2007). Because any objection to the double counting would have been frivolous, counsel was not ineffective in failing to make such an objection.

IV. Conclusion

Petitioner has failed to demonstrate that he received the ineffective assistance of counsel under the *Strickland* standard. He is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court

8

will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                         */s/Harry S. Mattice, Jr.*
                                         HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE